### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. |
| v. ) ) | |
| FURNISH 4 LESS, INC., ) ) | |
| Defendant. ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY ("State Auto"), by and through its undersigned counsel, HEPLERBROOM LLC, and for its Complaint for Declaratory Judgment against Defendant, FURNISH 4 LESS, INC. ("Furnish"), states and alleges as follows:

### THE PARTIES

1. Plaintiff, State Automobile Mutual Insurance Company, is a corporation organized and existing under the laws of the State of Ohio, and with its principal place of business located at 415 Broad Street, Columbus, Ohio.

2. At all times relevant, State Auto was licensed and authorized to issue commercial insurance policies in the State of Illinois.

3. At all times relevant, Defendant, Furnish 4 Less, Inc., was a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 184 Town Center Road, Matteson, Illinois.

**JURISDICTION AND VENUE**

4. State Auto brings this insurance coverage action pursuant to Federal Rule of Civil Procedure No. 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and for the purpose of determining the rights and indemnification obligations, if any, under the subject policy of insurance, for Defendant's claim for benefits, relating to a purported theft and vandalism loss that occurred on or about June 5, 2020.

5. This Court has jurisdiction of this civil action pursuant to 28 U.S.C. §1332(a)(1), in that Defendant seeks reimbursement of contractual damages in excess of $75,000.00 under the subject contract of insurance, and this action is between citizens of different states.

6. Venue is proper in this district pursuant to 28 U.S.C. 1391(a)(1) and (a)(2), in that the acts and claim activity occurred, and the subject property giving rise to this action are situated within Cook County, Illinois, which lies within the geographical boundaries of the United States District Court for the Northern District of Illinois.

7. This matter is ripe for adjudication as there is an actual and justiciable controversy between the parties as to the amounts, if any, owed under the Policy.

**FACTUAL BACKGROUND**

8. At all times relevant, Mozayan Morra ("Mozayan") was Defendant's sole owner and President.

9. At all times relevant, Mozayan's husband, Nazeer Morra ("Nazeer"), operated and/or managed Defendant's operations; though he had no legal ownership interest.

10. At all times relevant, Nazeer owned and operated Factory Furniture Outlet, Inc., located at 4250 Lincoln Highway, Matteson.

11. State Auto issued a policy of commercial insurance to Defendant for the policy period January 12, 2020 to January 12, 2021, bearing Policy No. 10013508CB (the "Policy"). A certified copy of the Policy is attached as Exhibit A.

12. The Policy provided insurance, subject to its terms, conditions, exclusions and endorsements, for Defendant's business, operations and business personal property at 184 Town Center Road, Matteson, Illinois (the "Premises").

13. On June 6, 2020, Furnish claimed and reported a theft loss at its store to the Matteson Police Department (the "Loss").

14. Furnish then reported the alleged Loss to State Auto, initiating Claim No. PR-304482 (the "Claim").

15. State Auto investigated the claim, and as part of its investigation, requested documentation from Defendant and inspected the Premises.

16. On May 11, 2021, Defendant, through its officer and owner Mozayan, executed a Sworn Statement in Proof of Loss, and submitted it to State Auto (the "Proof of Loss"). A true and correct copy of the Proof of Loss is attached as Exhibit B.

17. By way of the Proof of Loss, Defendant claimed $536,091.384 for the total replacement cost of the business personal property under the Policy. *Id.*

18. By way of the Proof of Loss, Furnish claimed its business interruption loss as "to be determined." *Id.*

19. On June 25, 2021, Defendant, through its authorized representative Mozayan, executed an Amended Sworn Statement in Proof of Loss, and submitted it to State Auto (the "Amended Proof of Loss"). A true and correct copy of the Amended Proof of Loss is attached as Exhibit C.

20. By way of the Amended Proof of Loss, Defendant claimed $405,614.00 for the total replacement cost of the business personal property under the Policy. *Id.*

21. On December 17, 2021, Mozayan's son, Mazen Morra ("Mazen"), appeared on behalf of Furnish for an Examination under Oath. A true and accurate copy of the December 17, 2021 transcript is attached as Exhibit D.

22. On April 7, 2022, Mozayan appeared on behalf of Furnish for an Examination under Oath. True and accurate copies of the April 7, 2022 transcripts are attached as Group Exhibit E.

23. On May 2 and July 22, 2022, Mozayan's husband, Nazeer Morra ("Nazeer"), appeared on behalf of Furnish for an Examination under Oath. True and accurate copies of the May 2, 2022, and July 22, 2022 transcripts are attached as Exhibits F and G, respectively.

## COUNT ONE

*(No Coverage Due to Material
Misrepresentation and Concealment)*

24. State Auto adopts and realleges the allegations of ¶¶1 through 23, as ¶24 as though the same were fully set forth herein.

25. The Policy states in pertinent part as follows:

> **C.** **_Concealment, Misrepresentation or Fraud_**
>
> 2. *We do not provide coverage under this Policy to you or any other insured who, at any time subsequent to the issuance of this insurance, commit fraud or intentionally conceal or misrepresent a material fact relating to:*
>
>    a. *This Policy;*
>    b. *The Covered Property;*
>    c. *Your interest in the Covered Property; or*
>    d. *A claim under this Policy.*

\*\*\*\*\*

26. Defendant intentionally concealed and misrepresented material facts concerning the Claim, the Covered Property, and its interest in Covered Property, among others. These material misrepresentations included but are not limited to:

   a. Overstatement of its inventory loss;

   b. Misrepresentation or concealment of information related to Furnish's interest in the property claimed to have been stolen;

   c. Misrepresentation or concealment of information related to the Claim;

   d. Materially misrepresentation or concealment of information related to covered property;

   e. False testimony as to the facts and circumstances related to Furnish's financial interest in the property claimed to have been stolen;

   f. False testimony as to the facts and circumstances related to the existing relationship between Furnish and Factory Furniture Outlet, Inc.;

   g. False testimony related to Furnish's ownership and/or insurable interest in the claimed property;

   h. Submissions of sworn statements that misrepresent and/or conceal Furnish's ownership and/or insurable interest in the claimed property; and

   i. Other false and material misrepresentations regarding the facts and circumstances of the loss.

27. The Defendant's misrepresentations during the course of the Claim concern "Covered Property" under the terms and conditions of the Policy.

28. The Defendant's misrepresentations during the course of the Claim concern its "interest in the Covered Property" under the terms and conditions of the Policy.

29. The Defendant's misrepresentations during the course of the Claim concern "a claim under this Coverage Part or Coverage Form" under the terms and conditions of the Policy.

30. Therefore, any and all potential coverage under the Policy has been voided as a result of the Defendant's material misrepresentations made during the course of the claim.

WHEREFORE, the Plaintiff, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, respectfully requests that this Court, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), enter a declaratory judgment in its favor on Count Two of the Complaint and against that that of the Defendant and specifically find, declare and order that:

(A) State Auto has fully complied with the terms and conditions of the Policy pursuant to the Claim;

(B) No coverage is afforded for the Claim due to the Defendant's conduct of intentionally concealing and misrepresenting material facts concerning the covered property, the claim, and its interest in the property; and

(C) For such other relief that this Court deems just and equitable.

## COUNT II

*(Insurable Interest)*

31. State Auto adopts and re-alleges the allegations of ¶¶ 1 through 30, as ¶31 as though the same were fully set forth herein.

32. The Policy extends coverage, in part, as follows:

> **A. Coverage**
>
> *We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any covered Cause of Loss.*
>
> > **1. Covered Property**
> >
> > *\*\*\*\*\**
> >
> > **b.** *Business Personal Property located in or on the buildings or structures at the described premises or in the open (or in a vehicle) within 100 feet of the buildings or structures or within 100 feet of the buildings or structures or within*

6

> *10 feet of the premises described in the Declarations, whichever distance is greater, including:*
>
> *(1) Property you own that is used in your business;*
> *(2) Property of others that is in your care, custody or control, except as otherwise provided in Loss Payment Property Loss Condition Paragraph **E.5.d.(3)(b)**;*

33. The Policy further provides, in part, as follows:

> **5. Loss Payment**
>
> *In the event of loss or damage covered by this policy:*
>
> *\*\*\*\*\**
>
> *c. We will not pay you more than your financial interest in the Covered Property.*

34. The terms and conditions of the Policy require Defendant to establish direct physical loss of or damage to Covered Property, owned by Defendant, among other things, to trigger coverage thereunder.

35. Defendant has failed to establish an insurable interest in the business personal property that it claims was stolen.

36. Defendant has failed to identify the property in which it has an insurable interest.

37. Defendant has failed to establish its financial interest in the coverage property.

38. Defendant has failed to establish coverage for a business income claim.

39. Defendant failed to establish legal ownership of any of the claimed Business Personal Property subject to the Claim.

40. No coverage is afforded for the business personal property business income components of the Claim under the Policy.

7

WHEREFORE, Plaintiff, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, respectfully requests that this Court, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), enter a declaratory judgment in its favor on Count Two of the Complaint and against that that of Defendant, and specifically find, declare and order that:

(A) State Auto has fully complied with the terms and conditions of the Policy pursuant to the Claim;

(B) State Auto owes no coverage to Defendant's for business personal property or business income loss; and

(C) For any and all other relief that this Honorable Court deems just and equitable.

Respectfully submitted,

By: _____
One of the Attorneys for STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

Amy E. Johnson
HEPLERBROOM LLC
70 W. Madison Street
Suite 2600
Chicago, Illinois 60602
(312) 205-7726
(312) 205-9201 (fax)
amy.johnson@heplerbroom.com